## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**EMPLOYERS MUTUAL CASUALTY COMPANY**                                       **PLAINTIFF**

**V.**                                                 **Civil Action No.: 3:10-cv-616-TSL-MTP**

**MAISON HEIDELBERG, P.A.,**
**MAISON HEIDELBERG, ESQ., GINNY KENNEDY, ESQ.,**
**NILES, BOURQUE, FONTANA & RICE, LLC,**
**STUART NILES, ESQ., AND JOHN DOES 1-10**                        **DEFENDANTS**

### ORDER GRANTING MOTION TO COMPEL PRIVILEGE LOGS

This matter is before the court on the Motion [32] to Compel Privilege Logs of Plaintiff Employers Mutual Casualty Company (hereinafter "Employers Mutual"). Having considered the submissions of the parties, the court finds the motion [32] is well taken and should be GRANTED.

This case and its companion stem from a March 2008 settlement of a declaratory judgment action filed by Employers Mutual against Jackson Hospitality, LLC and Gayatri Hospitality, LLC. Jackson Hospitality, LLC owned and operated a hotel in Jackson, Mississippi that was insured by Employers Mutual. Jackson Hospitality alleged that its property was damaged as a result of Hurricane Katrina and submitted a claim to Employers Mutual. A dispute arose as to the cause of damage and coverage of the damage, and Employers Mutual filed suit against its insureds, Jackson Hospitality, LLC and Gayatri Hospitality, LLC. The Defendants in the instant matter–Maison Heidelberg, P.A.; Niles, Bourque, Fontant & Rice, LLC; Maison Heidelberg, Esq.; Ginny Kennedy, Esq.; and Stuart Niles, Esq. (hereinafter "Heidelberg and Niles")–represented Jackson Hospitality and Gayatri Hospitality in the coverage dispute. *See* Complaint [1]. As a result of the March 2008 settlement of the underlying action, First Bank and

Trust filed suit against Employers Mutual alleging that they had a lien on the subject property, but were not paid out of the settlement proceeds. *See First Bank and Trust v. Employers Mutual, et al.*, No. 3:08-cv-685 (S.D. Miss. filed November 7, 2008).  Employers Mutual filed the instant suit against Heidelberg and Niles on October 26, 2010, alleging negligence, breach of duty of good faith and fair dealing, breach of contract, conversion, and breach of fiduciary duty as a result of Heidelberg and Niles' knowledge of and failure to inform Employers Mutual of First Bank and Trust's alleged special interest in the settlement proceeds as lienholder of the subject property. Complaint [1].

> Defendants' Initial Disclosures contained the following statement:
>
> Defendants' litigation files could be made available for inspection at a time agreeable to the parties but only if the underlying coverage claim will not be reopened and re-litigated. Otherwise, the Defendants' litigation files must remain confidential in the event that the settlement agreement is rescinded and the underlying coverage claim is re-litigated.

Pl.'s Ex. A [32-1] at 2-3. Defendants produced the Heidelberg privilege log on February 28, 2011, and produced the Niles privilege log on March 8, 2011. Pl.'s Ex. I [32-9]; Pl.'s Ex. M [32-13].

As evidenced by correspondence between counsel for both parties, it is clear that Employers Mutual took issue with the information, or lack thereof, contained in the privilege logs and communicated this to opposing counsel in an attempt to resolve the matter. In the instant motion, Employers Mutual argues that the Heidelberg privilege log is deficient in that it makes claims of categorical privilege as to an unspecified number of documents collectively contained in folders, labeled only in a general manner. For example, Defendants labeled one such folder as "Damages Evidence," described it as "Damages docs w/ attorney notes and mental

impressions," and failed to provide any information as to the documents contained therein on the basis that the privilege of work product prevents Defendants from individually identifying the documents contained therein.

As to the Niles privilege log, Employers Mutual argues that the log contains claims of categorical privilege for six disks of electronic data and twenty-seven folders of documents–while failing to identify those documents by Bates number or describe them in accordance with the local rules. Moreover, Employers Mutual avers that Defendants claim various documents are work product, but cannot determine with any certainty whether those documents had previously been shared with third parties–which Employers Mutual claims would have served to destroy the work product privilege.

Employers Mutual maintains that it has been prejudiced by the Defendants' failure to be forthcoming about the withheld documents, as well as a failure to identify redactions in the documents produced by Defendants heretofore. *See* Pl.'s Ex. C [32-3] at 49-50. Accordingly, Employers Mutual avers that Defendants' failure to identify documents with more specificity in the privilege logs prevents Employers Mutual from challenging Defendants' privilege claims.

The Defendants argue that they have fulfilled their obligation by producing the privilege logs. According to Defendants, Employers Mutual's request for more details as to the Defendants' litigation files, if granted, would result in Defendants having to reveal how their files are arranged and what the contents are. Response [34] at 4. To do so, according to Defendants, would destroy their right to protect their attorneys' mental impressions, legal theories and strategies utilized in preparation for their client's case. *See Walker v. George Koch Sons, Inc.*, 2008 U.S. Dist. LEXIS 81919, at *16 (S.D. Miss., Sept. 18, 2008). Moreover, the

Defendants argue that the fact that counsel for Jackson Hospitality, LLC and Gayatri Hospitality, LLC  waived their privilege in the litigation files does negate the Defendants' rights to protect their work product. "[W]aiver of the attorney-client privilege does not necessarily result in a waiver of the work-product privilege. Unlike the attorney-client privilege, the work product privilege belongs to both the client and the attorney, either one of whom may assert it...Accordingly, a waiver by the client of the work-product privilege will not deprive the attorney of his own work product privilege, and vice versa." *Nevada Partners Fund, LLC v. United States*, 2008 U.S. Dist. LEXIS 39044, at *4-5 (S.D. Miss., April 30, 2008)(internal quotations and citations omitted).

Indeed, "[t]he work product privilege is very different from the attorney-client privilege" in that the work product privilege "does not exist to protect a confidential relationship but to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an opponent." *Shields v. Sturm, Ruger & Co.,* 864 F.2d 379, 382 (5th Cir. 1989). "Therefore, the mere voluntary disclosure to a third person is insufficient in itself to waive the work product privilege." *Id*.(citation omitted).

However, as Employers Mutual points out in its rebuttal [36], the court need not at this time reach the issue of whether Defendants are entitled to assert the work product privilege, as the instant motion [32] merely asks that the court to rule on whether the Heidelberg and Niles privilege logs comply with Rule 26(a)(1)(C) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

Local Rule 26(a)(1)(C) requires "a party withholding information claimed privileged or otherwise protected" to submit a privilege log that contains the following information:

4

(1) name of the document, electronically stored information, or tangible thing;
(2) description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted;
(3) date;
(4) author(s);
(5) recipient(s); and
(6) nature of the privilege.

"It makes no difference if there are four documents or four thousand-each individual document that has an attached privilege must meet these minimum requirements." *E.E.O.C. v. HWCC-Tunica, Inc*., 2008 WL 4533906, at *2 (N.D. Miss., October 6, 2008). The court finds that Defendants' privilege logs do not meet the requirements of Local Rule 26(a)(1)(C) in that Defendants' have failed to provide the requisite elements, which serve to properly identify each document withheld so that Employers Mutual might have sufficient information to develop its arguments as to the merits of the claimed privilege.

IT IS, THEREFORE, ORDERED that Defendants shall produce privilege logs within fourteen (14) days of this order that include the above elements of L.U. Civ. R. 26(a)(1)(C) for each document which Defendants claim is privileged, as well as Bates numbers. Defendants are cautioned that under L.U. Civ. R. 26(a)(1)(C) withholding materials without providing Plaintiffs with sufficient notice of the aforementioned elements may subject Defendants to sanctions under Fed. R. Civ. P. 37 or may serve to waive the asserted privilege or protection.

SO ORDERED, THIS the 20th day of April, 2011.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge