IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**EMPLOYERS MUTUAL CASUALTY**                                                          **PLAINTIFF**
**COMPANY**

**V.**                                                               **CAUSE NO. 3:10-CV-00616-CWR-LRA**

**MAISON HEIDELBERG, P.A., MAISON**
**HEIDELBERG, ESQ., GINNY KENNEDY,**
**ESQ., NILES, BOURQUE, FONTANA**                               **DEFENDANTS**
**AND RICE, LLC, STUART NILES, ESQ.,**
**AND JOHN DOES 1-10**

## ORDER GRANTING SUMMARY JUDGMENT

The above-styled matter is before the Court on the Defendants' Motion for Summary Judgment.[1] After reviewing the parties' arguments and the authority governing the questions at issue, the Court has concluded that the defendants are entitled to judgment as a matter of law and, therefore, that summary judgment should be granted.

**FACTS**

The dispute at hand stems from a complicated web of litigation involving a long cast of characters, but the relevant facts are relatively straightforward. Jackson Hospitality, LLC, and Gayatri Hospitality, LLC (hereinafter collectively "the Owners"), held a commercial insurance policy with Employers Mutual Casualty Company (hereinafter "EMCC"). The policy covered the Jacksonian Inn, which was the subject of a mortgage held by First Bank and Trust (hereinafter "the Bank").[2]

---

[1] Defendants' Motion for Summary Judgment [Docket No. 55].

[2] Complaint [Docket No. 1] at 3.

After the Jacksonian Inn suffered damage from Hurricane Katrina in 2005, the Owners submitted a claim under the policy to EMCC. EMCC denied the claim and filed a declaratory-judgment action against the Owners.[3] In time, the parties resolved the conflict, and EMCC issued a settlement check payable to Maison Heidelberg, P.A., which represented the Owners during the litigation.[4] Along with the check, EMCC enclosed a letter which was addressed to lawyer Maison Heidelberg and read, in relevant part:

> As I am sure you understand, the enclosed check is sent to you, in trust, on the conditions that (1) it will only be negotiated upon proper execution of the release by your client and upon your execution signifying your approval of the release and (2) upon your execution of a Final Agreed Order of Dismissal . . . .[5]

Ultimately, Heidelberg[6] disbursed the net proceeds of the settlement to the Owners. But when the Bank learned that EMCC had made out the settlement check to the Owners rather than to the Bank, which held a lien on the property, the Bank filed suit against EMCC.[7] That case settled,[8] but afterward, EMCC filed this lawsuit against Heidelberg and alleged that Heidelberg's failure to "properly disburse the settlement funds"[9] amounted to negligence, a breach of the duty

---

[3] Complaint at 3-4.

[4] Complaint at 5.

[5] Exhibit B to Complaint [Docket No. 1-2] (hereinafter "Settlement Letter").

[6] For the sake of simplicity, the Court refers to the Owners' lawyers collectively as "Heidelberg."

[7] Complaint [Docket No. 1] in *First Bank & Trust v. Empl. Mut. Cas. Co.*, No. 3:08-cv-00685-CWR-LRA.

[8] Defendants' Memorandum in Support of Their Motion for Summary Judgmen t[Docket No. 56] (hereinafter "Defendants' Memorandum") at 9.

[9] Complaint at 8.

2

of good faith and fair dealing, a breach of contract, conversion, and a breach of fiduciary duty.[10]

Maison Heidelberg moved for summary judgment, and in its Response, EMCC conceded the claims for breach of contract and breach of the duty of good faith and fair dealing,[11] leaving only the other three claims before the Court.

## JURISDICTION

EMCC invokes[12] this Court's limited jurisdiction pursuant to Title 28, Section 1332 of the United States Code. The amount in controversy exceeds $75,000,[13] and the parties to this action are completely diverse.[14] Therefore, jurisdiction lies properly in federal court, and this Court must apply the substantive law of the State of Mississippi.[15]

## STANDARD OF REVIEW

Although motions for summary judgment are filed frequently, not every case is suitable for such disposition. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] When confronted with these motions, this Court focuses on "genuine" disputes of "material" facts. An issue is genuine "if the evidence supporting its resolution in favor of the

---

[10] Complaint at 7-17.

[11] Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment [Docket No. 65] (hereinafter "EMCC's Memorandum") at 15.

[12] Complaint at 1.

[13] Complaint at 10.

[14] Complaint at 1-3.

[15] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[16] Fed. R. Civ. P. 56(a).

party opposing summary judgement, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party."[17] A fact is material if it is one which might affect the outcome of the suit under the governing law. Factual disputes that are irrelevant or unnecessary will not be considered.[18] Likewise, unsubstantiated assertions are not competent summary judgment evidence.[19]

The jury has the responsibility to assess the probative value of the evidence. As a consequence, a court must step back and refrain from making credibility determinations, and it must not weigh evidence or draw from the facts legitimate inferences for the movant.[20] This Court is ever mindful that although a useful device, summary judgment "must be employed cautiously because it is a final adjudication on the merits."[21]

But in cases like the one at hand, where the relevant facts are not in dispute and the critical questions turn purely on legal rights and relationships, summary judgment is appropriately considered.[22]

## ANALYSIS

EMCC agrees that two of its remaining claims – namely, the claims for negligence and

---

[17] *Zisman v. Mason*, 2008 WL 879726, *3 (S.D. Miss. 2008) (citing *Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

[18] *Id*.

[19] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

[20] *Strong v. Dept. of Army*, 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005).

[21] *Jackson v. Cain*, 865 F.2d 1235, 1241 (5th Cir. 1989); *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991).

[22] *See Nabers v. Morgan*, 2011 WL 359069, *3 (S.D. Miss. 2011).

breach of fiduciary duty – rely on a common element. Specifically, EMCC argues that each claim's requirement of a duty springs from a fiduciary duty owed in this case by Heidelberg to EMCC during EMCC's settlement with Heidelberg's clients, the Owners.[23]

In Heidelberg's view, that fiduciary duty did not exist. In support of its argument, Heidelberg relies on the Mississippi Supreme Court's long-held position that an attorney owes a fiduciary duty only to her client.[24] The principle is so firmly established that Judge Pepper once wrote that he "[wa]s unaware of any authority . . . not only in Mississippi, but anywhere in the Country which suggests that an attorney owes a duty, fiduciary or otherwise, to the adverse party in a case he is litigating."[25] The same question recently led this Court to conclude flatly that "Mississippi law is clear: an attorney owes no duty to an adverse party in a case he is litigating."[26]

EMCC argues that its position is more nuanced, though. According to EMCC, the fiduciary duty owed by Heidelberg arose not by its status as attorney for EMCC's opponent but, instead, because the letter accompanying the settlement check asserted that "the enclosed check is sent to you, *in trust* . . . ."[27] In EMCC's view, Heidelberg's acceptance of the settlement check

---

[23] Defendants' Memorandum at 13.

[24] Defendants' Memorandum at 11-13.

[25] *James v. Chase Manhattan Bank*, 173 F. Supp. 2d 544, 550 (N.D. Miss. 2001).

[26] *Dandridge v. Tyson Foods, Inc.*, 2011 WL 2414701, *3 (S.D. Miss. 2011) (citing *Roussel v. Robbins*, 688 So. 2d 714, 725 n.4 (Miss. 1996)).

[27] Settlement Letter.

on those terms "made [Heidelberg] the trustee of those funds,"[28] and that status imbued Heidelberg with a fiduciary duty. To put EMCC's argument another way, "[i]t's not a question of [Heidelberg's] being in an attorney-client relationship with EMCC. The issue is that, by accepting the check and negotiating it, [Heidelberg] accepted the burdens of trustees and fiduciaries to EMCC, and owed the corresponding duty to EMCC."[29]

But EMCC has been altogether unable to direct this Court to an opinion from a court bound by Mississippi law in which an attorney acting within the course and scope of his representation was found to owe a fiduciary duty to anyone other than his client.[30] And although this Court is aware that Mississippi law requires no magic words to create a trust,[31] the question cannot remain open unless evidence exists that Heidelberg intended[32] to be bound by the two words on which EMCC now hangs its case. In creating a trust, there must be a mutual agreement; there must be some meeting of the minds on the specific terms of the relationship. There is no evidence here that the conditions of the "trust" relationship required anything but for Heidelberg to hold the money in his trust account until the parties executed the release and the Final Agreed

---

[28] EMCC's Memorandum at 3.

[29] EMCC's Memorandum at 7.

[30] *See* Defendants' Reply Brief in Support of Their Motion for Summary Judgment [Docket No. 69] (hereinafter "Defendants' Reply") at 2 n.1.

[31] *Norman v. Burnett*, 25 Miss. 183 (Miss. 1852). *See also Baker Donelson Bearman Caldwell & Berkowitz, P.C. v. Seay*, 42 So.3d 474, 485, n. 27 (Miss. 2010) ("[A] fiduciary relationship need not be created by contract; it may arise from an informal relations where *both parties understand* that a special trust and confidence has been reposed.") (emphasis added) (quoting *Lowery v. Guar. Bank and Trust Co.*, 592 So.2d 79, 84 (Miss. 1991)).

[32] *See In re Estate of Gates*, 876 So. 2d 1059, 1064 (Miss. Ct. App. 2004).

Order of Dismissal.

The record contains no hint of an agreement that Heidelberg would undertake additional responsibilities. Without such evidence, and in the absence of some relevant authority, this court of limited jurisdiction will not read into Mississippi law the proposition that, through mere silence, an attorney agrees to take on a fiduciary duty on behalf of his client's opponent in the disbursement of settlement funds – particularly when the conclusion would fly so directly in the face of Mississippi courts' long-standing conclusion that an attorney's only fiduciary duty is to his client.

EMCC's alternative argument is equally uncompelling. According to EMCC, Heidelberg's disbursement of the settlement funds violated Mississippi Rule of Professional Conduct 1.15(b), the official comment for which establishes that "[a] lawyer should hold property of others with the care required of a professional fiduciary." But this is no basis for an action in tort, and EMCC's portrayal of the Mississippi Supreme Court's decision in *Waggoner v. Williamson*[33] is not persuasive.

In *Waggoner*, the Mississippi Supreme Court ruled that a genuine issue of material fact existed as to a claim brought by a client whose attorney allegedly withheld information regarding the terms of a settlement. The *Waggoner* Court based its conclusion in part on the fact that "the disclosures required by law and the Mississippi Rules of Professional Conduct were not made to [the clients] . . . ."[34] But a deeper examination of *Waggoner* demonstrates that such a failure in and of itself does not evince tort liability; the issue was relevant only because the settlement at

---

[33] *Waggoner v. Williamson*, 8 So. 3d 147 (Miss. 2009).

[34] *Id.* at 157.

issue explicitly "required the settling attorneys to comply with the American Bar Association's Model Rules of Professional Conduct or the counterpart state rules of professional conduct."[35] In contrast, the Mississippi Supreme Court held just a year earlier – in an opinion written by the same justice who ultimately penned the *Waggoner* decision – that the "[v]iolation of a Rule of Professional Conduct does not give rise to a cause of action nor does it create a presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers . . . . They are not designed to be a basis for civil liability."[36]

Furthermore, it bears noting that *Waggoner* involved a dispute regarding the fiduciary duty owed by an attorney to his client and not, as is the case in the matter at hand, a fiduciary duty owed by an attorney to his client's opponent.

In sum, the Court is unaware of any precedent supporting EMCC's position that Heidelberg owed EMCC a fiduciary duty, whether rooted in the law governing trusts or the Rules of Professional Conduct. EMCC's similar failure to provide authority supporting its position is telling and leaves this Court with no choice but to hold that no genuine issue of material fact exists as to the claims for negligence and breach of fiduciary duty.

EMCC's final claim is one for conversion. In Mississippi, "[t]o make out a conversion, there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized or injurious use, or of a wrongful detention after demand."[37] In the case at bar, EMCC theorizes that Heidelberg "w[as] authorized to

---

[35] *Id.* at 150.

[36] *Pierce v. Cook*, 992 So. 2d 612, 625-26 (Miss. 2008).

[37] *Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144, 149 (Miss. 1998).

disburse [the settlement proceeds] only in accordance with the terms of the trust, which required [Heidelberg] to approve the release. By breaching their fiduciary duty, [Heidelberg] failed to comply with the terms and thus made 'an unauthorized or injurious use.'"[38]

That argument rests entirely on the proposition that Heidelberg owed a fiduciary duty to EMCC, the suggestion of which this Court herein rejects for reasons already discussed. Suffice it to say, then, that the record does not support EMCC's conversion claim, and that Heidelberg is entitled to judgment as a matter of law thereon.

## CONCLUSION

Heidelberg owed no fiduciary duty to EMCC, the opponent of its client. Therefore, the claims of negligence, breach of fiduciary duty, and conversion fail as a matter of law.

The motion for summary judgment[39] is granted.

SO ORDERED this Twenty-Sixth day of September 2011.

    /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[38] EMCC's Memorandum at 12.

[39] Defendants' Motion for Summary Judgment [Docket No. 55].